UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| APRIL FAVORS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 1:22-cv-00553 (UNA) |
| HOPKINS COUNTY | ) |
| JAIL COURTHOUSE, *et al.*, | ) |
| | ) |
| Defendants. | ) |

### MEMORANDUM OPINION

This matter is before the court on its initial review of the plaintiff's *pro se* complaint ("Compl."), ECF No. 1, and application for leave to proceed *in forma pauperis*, ECF No. 2. The court will grant the *in forma pauperis* application and dismiss the case for the reasons explained herein.

Plaintiff, a resident of Leander, Texas, sues the State of Texas, the Governor of Texas, the Hopkins County Jail and Courthouse, Round Rock Civil Court, "Supreme Court Guards," the Georgetown District Court, Utilities Home of Leander Water Utility Company, the Texas Medical Board, the Texas Department of Health, the "Social Security of Civil Rights," Texas Legal Aid, Homecare.com, and the Department of Human Rights of Chicago. Compl. at 1–3, 12–16. All of the defendants are located in Texas except the latter two, which are located in Maryland and Illinois, respectively. *See id*.

The complaint, in its current form, consists of a mostly incomprehensible collection of ruminations and non sequiturs. The intended causes of action are equivocal. Plaintiff alleges, for example, that (1) she was falsely arrested as a result of correspondence with an unknown court clerk, (2) she was harassed at the Texas Supreme Court and Georgetown District Court, (3) she

1

was denied an unspecified accommodation and medical care while at a "jailhouse on [the] side of the road," (4) some of the defendants breached an unidentified contract, (5) Texas local and federal courts mishandled her bond, (6) a Social Security Office in Texas and the Department of Human Rights in Chicago have both retaliated against her by mishandling her requests for information, (7) Leander Water Utility Company owes her money but refuses to credit her due to widespread state government corruption, (8) she has been unfairly denied state benefits, (9) she has not received requested information from the Texas Medical Board, and (10) Homecare.com refuses to renew her CNA license. *See id*. at 3–5, 7–8; Compl. Ex. 1, ECF No. 1-1, at 2, 5–8. While plaintiff implies that she is owed money, she explicitly refuses to identify the type or amount of her damages. *See* Compl. at 5, 16; Civil Cover Sheet, ECF No. 1-2. It is also entirely unclear what any of these claims have to do with one another, aside from plaintiff's belief that the State of Texas has coordinated a wide-ranging conspiracy against her. *See* Compl. Ex. 1 at 9.

A *pro se* litigant must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Rule 8(a) of the Federal Rules of Civil Procedure requires complaints to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668-71 (D.C. Cir. 2004). The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977). "A confused and rambling narrative of charges and conclusions . . . does not comply with the requirements of Rule 8." *Cheeks v. Fort Myer Constr. Corp.*, 71 F. Supp. 3d 163,

169 (D.D.C. 2014) (citation and internal quotation marks omitted). Favor's complaint falls within this category.

Moreover, the subject matter jurisdiction of the federal district courts is limited and is set forth generally at 28 U.S.C. §§ 1331 and 1332. Under those statutes, federal jurisdiction is available only when a "federal question" is presented or the parties are of diverse citizenship and the amount in controversy exceeds $75,000. A party seeking relief in the district court must at least plead facts that bring the suit within the court's jurisdiction. *See* Fed. R. Civ. P. 8(a). Failure to plead such facts warrants dismissal of the action. *See* Fed. R. Civ. P. 12(h)(3).

Here, both plaintiff and many of the defendants are located in Texas, and for diversity jurisdiction to exist, there must be complete diversity between the parties; plaintiff may not be a citizen of the same state as any defendant. *Bush v. Butler*, 521 F. Supp. 2d 63, 71 (D.D.C. 2007) (citing *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373–74 (1978)). And as noted, the amount in controversy is unknown. Therefore, Plaintiff has failed to establish diversity jurisdiction, and incidentally, there is no indicia that these claims are connected to this District whatsoever. The complaint also fails to raise any cognizable federal question, and "federal court jurisdiction must affirmatively appear clearly and distinctly. The mere suggestion of a federal question is not sufficient to establish the jurisdiction of federal courts." *Johnson v. Robinson*, 576 F.3d 522, 522 (D.C. Cir. 2009) (citing *Bilal v. Kaplan*, 904 F.2d 14, 15 (8th Cir.1990) (per curiam)).

The complaint is devoid of any substance to provide adequate notice of a claim. It also fails to set forth allegations with respect to this court's jurisdiction over the plaintiff's entitlement to relief or a valid basis for relief. And as drafted, the complaint fails to meet the minimum pleading standard set forth in Rule 8(a).

Consequently, this matter shall be dismissed. Plaintiff pending motion to strike ("Mot"), ECF No. 3, is denied, because the motion is not captioned for this court. *see* Fed. R. Civ. P. 10(a). Moreover, even if the motion were intended for this court, or it could be full understood, it requests that a "case" be "removed from the [docket in] the District of Texas," Mot. at 1, which this court does not have authority to do. *United States v. Choi*, 818 F. Supp. 2d 79, 85 (D.D.C. 2011) (stating that federal district courts "generally lack[] appellate jurisdiction over other judicial bodies, and cannot exercise appellate mandamus over other courts") (citing *Lewis v. Green*, 629 F. Supp. 546, 553 (D.D.C. 1986)); *Fleming v. United States*, 847 F. Supp. 170, 172 (D.D.C. 1994) (applying *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983), and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415, 416 (1923)).

An order consistent with this memorandum opinion is issued separately.

TREVOR N. McFADDEN
United States District Judge

Dated: May 12, 2022